**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sherry Renee Espinoza,<br><br>Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin<br><br>Defendant. | No. CV-14-00731-PHX DGC<br><br>**ORDER** |

Plaintiff Sherry Renee Espinoza seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security ("Defendant"), which denied her disability insurance benefits and supplemental security income under §§ 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. Defendant's decision will be vacated and the matter remanded for an award of benefits.

**I.    Background.**

Plaintiff applied for disability insurance benefits and supplemental security income, alleging her disability began on August 9, 2006. Doc. 15 at 1. Since making her application, Plaintiff has had three hearings before Administrative Law Judges. *Id.* The Appeal Council has twice remanded the ALJ's decision denying benefits. *Id.* Plaintiff's most recent hearing occurred on May 7, 2013. Plaintiff appeared with her attorney and testified. *Id.*; A.R. 38-59. A vocational expert also testified. A.R. 59-68. On June 26, 2013, the ALJ issued a decision that Plaintiff is not disabled within the meaning of the Social Security Act. *Id.* at 13-32. The Appeals Council denied Plaintiff's request for

review, making the ALJ's decision the Commissioner's final decision. *Id.* at 1-6. Defendants now concede that this third decision also included several legal errors.

## II.    Legal Standard.

The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion. *Id.* In determining whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

## III.   The ALJ's Five-Step Evaluation Process.

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At step one, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of

performing past relevant work. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to step five, where he determines whether the claimant can perform any other work based on the claimant's RFC, age, education, and work experience. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2011, and that she has not engaged in substantial gainful activity since August 9, 2006. A.R. at 18. At step two, the ALJ found that Plaintiff has the following severe impairments: left tarsal tunnel syndrome/neuritis, diabetes mellitus, fibromyalgia, and obesity. *Id.* At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. *Id.* at 20. At step four, the ALJ found:

> [Plaintiff] had the [RFC] to perform sedentary work as defined in 20 CFR 404.1567(a) subject to the following. She could lift and carry up 20 lbs occasionally, and 10 lbs frequently; she could sit at least 6-hours, and stand or walk up to 2-hours in a standard 8 hour workday with normal breaks; she has no limits on pushing or pulling within the above weight restrictions; she could occasionally climb ramps or stairs, but should have avoided climbing ladders, rope, or scaffolds; she could occasionally balance, stoop, kneel, crouch, or crawl; and she should have avoided concentrated exposure to hazards such as unprotected heights and dangerous moving machinery.

*Id.* at 20. The ALJ further found that Plaintiff is unable to perform any of her past relevant work. *Id.* at 24. At step five, the ALJ found that, based on the testimony of the vocational expert, jobs exist in significant numbers in the national economy that Plaintiff could perform. *Id.* at 25. Given that finding, the ALJ concluded that Plaintiff is not "under a disability as defined by the Social Security Act." *Id.* at 26.

### IV. Medical Source Evidence.

Plaintiff argues that the ALJ improperly weighed the medical opinions of the following medical sources: Dan Bangart, D.P.M; Jeff Alvarez, M.D.; John Prieve, D.O.; and Jeanette Jicha, F.N.P. Doc. 15 at 13-18. Defendant concedes the ALJ erred in considering the opinions of Dr. Bangart,[1] Dr. Prieve,[2] and Ms. Jicha,[3] and asks the Court to remand for further proceedings to correct these errors. Doc. 20 at 5-6. The Court will accept Defendant's concession of error with respect to Dr. Bangart, Dr. Prieve, and Ms. Jicha, and address the ALJ's treatment of the opinion of Dr. Alvarez.

### A. Legal Standard.

The Ninth Circuit distinguishes between the opinions of treating physicians, examining physicians, and non-examining physicians. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, an ALJ should give greatest weight to a treating physician's opinion and more weight to the opinion of an examining physician than to one of a non-examining physician. *See Andrews v. Shalala*, 53 F.3d 1035, 1040-41 (9th Cir. 1995); *see also* 20 C.F.R. § 404.1527(c)(2)-(6). If it is not contradicted by another doctor's opinion, the opinion of a treating or examining physician can be rejected only for "clear and convincing" reasons. *Lester*, 81 F.3d at 830 (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)).

---

[1] The ALJ discounted a portion of Dr. Bangart's medical opinions because they were contradicted by a treatment note from February 8, 2011. A.R. at 23. Defendant concedes the ALJ misconstrued the treatment note as claiming Plaintiff received 100% relief from a nerve block procedure, when in fact the note merely predicts that the procedure "should get [Plaintiff] to 100%." Doc. 20 at 6.

[2] The ALJ gave no weight to the medical opinions of Dr. Prieve because he was unlicensed at the time of the examination. A.R. at 24. Defendant concedes that the record does not contain evidence for this finding. Doc. 20 at 5.

[3] The ALJ does not explain the weight given to Ms. Jicha's medical opinions. A.R. 960-65. Defendant concedes this is error. *Id.* at 5-6.

**B.     Jeff Alvarez, M.D.**

Dr. Alvarez began treating Plaintiff in 2006. A.R. at 648. In June 2008, Dr. Alvarez completed a form titled "Medical Assessment of Ability to do Work-Related Activities (Mental)," and found that while Plaintiff can manage benefits in her own interest, she has no useful ability to function in 10 of 15 work-related mental function areas. *Id.* at 648-50. In a letter dated May 7, 2009, Dr. Alvarez stated that Plaintiff's medical problems affect her to the point she needs a caregiver to assist her with medication and some daily living activities. *Id.* at 777.

The ALJ gave "little weight" to Dr. Alvarez's opinions based primarily on three reasons: (1) Dr. Alvarez's statements are "wholly unsupported by any objective clinical finding, cognitive testing, or other psychometric testing"; (2) Plaintiff does not claim to be as impaired as Dr. Alvarez states; and (3) "Dr. Alvarez is not a specialist in psychiatry, psychology, or other field of mental or behavioral health." *Id.* at 24. The ALJ identified no contradicting physician testimony or clinical findings. *See id.*

The ALJ erred in discounting Dr. Alvarez's opinion on the ground that he is not a psychologist or psychiatrist. The Ninth Circuit has recognized that a treating physician may properly opine on his patient's mental condition, particularly when the opinion is based on observation of the patient over a period of time. *Sprague v. Bowen*, 812 F.2d 1226, 1231-32 (9th Cir. 1987) (treating physician qualified to give opinion on how patient's mental state impacted on her physical disability even though physician was not psychiatrist).

The ALJ also erred in concluding that Dr. Alvarez's opinion was not support by clinical findings. Treating sources have identified and diagnosed Plaintiff's depression and anxiety. Tr. 518, 542, 648-50, 654-55, 785-86, 800, 842-44, 896-99, 960-65. The ALJ seemed particularly concerned about Dr. Alvarez's opinion that Plaintiff needed caregiver support in daily living. Tr. 24. His opinion, however, was that she needed help with her medication due to memory issues and some help with daily living. Tr. 777. This opinion was consistent with the testimony of Plaintiff and her husband that she has

memory issues and needs help from her daughters and husband in maintaining the house, preparing meals, etc. Tr. 55-59. Dr. Alvarez did not opine that Plaintiff was so impaired as to require psychiatric hospitalization as the ALJ suggested. Tr. 24.

With these two reasons rejected, the Court does not find that the ALJ's third reason satisfies the clear and convincing reasons standard. The ALJ asserted that even Plaintiff did not claim to be as mentally impaired as Dr. Alvarez found, but Plaintiff's testimony concerned her functioning at home while Dr. Alvarez opined about her ability to function at work, two significantly different environments. *Id.* at 648-50. Dr. Alvarez found that while Plaintiff can manage matters in her own interest, she has no useful ability to function in 10 of 15 work-related mental function areas. The fact that Plaintiff can, from a mental health perspective, function better at home than in a work environment does not constitute a clear and convincing reason to discount Dr. Alvarez's opinion regarding her ability to work.

The ALJ did not consider the other factors listed in 20 C.F.R. § 404.1527(c)(2)-(6), nor did she "[set] out a detailed and thorough summary of the facts and conflicting clinical evidence" or "do more than offer [her] conclusions." *Cotton*, 799 F.2d at 1408; *Embrey*, 849 F.2d at 421-22. The Court concludes that the ALJ improperly rejected the opinions of Dr. Alvarez.[4]

**V.   Remand.**

Where an ALJ fails to provide adequate reasons for rejecting the opinion of a physician, a court in this circuit must credit that opinion as true. *Lester*, 81 F.3d at 834. An action should be remanded for an immediate award of benefits when the following three factors are satisfied: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or

---

[4] In light of this conclusion and Defendant's concession of error with respect to other medical opinions, the Court need not address Plaintiff's argument that the ALJ erred in rejecting her testimony.

medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.  *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (citing *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1202 (9th Cir. 2008), *Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007), *Orn*, 495 F.3d at 640, *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004), and *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

The Court agrees with both parties that the ALJ's decision contains error regarding the weight given to the medical opinions of Dr. Bangart, Dr. Prieve, and Ms. Jicha. Doc. 15 at 18; Doc. 20 at 5-6.  The Court also finds that the ALJ erred in affording little weight to the medical opinion of Dr. Alvarez.

When these opinions are credited as true, the following facts are established: Plaintiff cannot stand or walk for more than five minutes at a time, can stand or walk less than two hours in an eight-hour workday, must elevate her foot to heart level for 50% of the workday, and would be compromised in her ability to pay attention and concentrate for up to 50% of the workday due to pain.  Tr. 23, 494-96, 641-46, 772.  In addition, Plaintiff has no useful ability to function in 10 of 15 work-related mental function areas. Tr. 648-50.  She cannot follow work rules, function independently, maintain attention and concentration, or understand, remember, and carry out simple job instructions.  Tr. 648-49.  Given these restrictions and the testimony of the vocational experts at Plaintiff's three hearings (Tr. 61-65, 100-102, 134-36), Plaintiff does not have the ability to work. Thus, when the improperly discredited evidence is credited as true, the ALJ would be required to find the claimant disabled on remand.  *Garrison*, 759 F.3d at 1020.

The Court notes that the Court of Appeals has adopted the credit-as-true rule in part to prevent repeated remands and hearings, resulting in lengthy delays in decisions for disabled applicants.  That purpose seems particularly relevant here.  Plaintiff has had three different hearings before ALJs, every one resulting in error and remand.

**IT IS ORDERED** that Defendant's motion to remand (Doc. 20) is **granted**, the final decision of the Commissioner of Social Security is **vacated**, and this case is

**remanded** for an award of benefits.  The Clerk shall enter judgment accordingly and terminate this case.

Dated this 25th day of November, 2014.

_____
David G. Campbell
United States District Judge